UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDOLPH CAMPBELL, III,

    Plaintiff,

v.                              Case No: 2:16-cv-680-FtM-99MRM

SANDRA WILLIAMS, NORMAN
SHINE, MS. WILSON and JAWAN
RICHARDSON,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants, Ms. Wilson and Sandra Williams' Motion to Strike Claims in the relief Section of the Complaint (Doc. #20) filed on April 11, 2017. Because the Motion to Strike is presented more as a failure to state a claim, the Court will construe the Motion as a Motion to Dismiss. In response, Plaintiff Randolph Campbell, III filed his Response in Opposition (Doc. #29) and a Motion to Amend the Complaint (Doc. #28) on the same day.

## BACKGROUND

Plaintiff is currently a committed individual at the Florida Civil Commitment Center in Arcadia, Florida. Plaintiff alleges that he was physically assaulted by Therapeutic

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Safety/ Security Technicians (TST) during dinner service on January 9, 2015. FCCC does not have a dining hall. Instead dinner trays are delivered to the detainees by TSTs. On the evening of January 9, 2015, TSTs Sandra Williams, Ms. Wilson, Norman Shine, and Jawan Richardson were delivering the dinner trays to Campbell's residence hall.

The last dinner tray was distributed from the cart when Campbell came to get his tray. TSTs informed him that he would have to wait until another tray could be brought to him. Campbell noticed two trays on the ground and as he picked them up he asked if he could eat what was on those two trays. The TSTs told him no. The trays were then given to another detainee to eat. Campbell alleges that TST Richardson threatened him and then struck him in the face. Campbell states that none of the other TSTs intervened to prevent TST Richardson from hitting him again.

Campbell was taken to the medical department and then transported to the confinement wing. On January 13, 2015, Campbell was allowed to speak with Deputy Trujillo of the Desoto County Sheriff's Department about the alleged assault. On February 4, 2015, Campbell was brought before a Disciplinary Board concerning the altercation with TST Richardson. After the Board hearing, Campbell was found guilty of assault and battery on TST Richardson. He was sentenced to time served in the confinement wing and stripped of his C.A.R.E. level privileges. C.A.R.E. privileges are rights and privileges that detainees can earn or lose based upon their behavior.

As a result of the altercation, Campbell brought the instant case against the TSTs involved. Campbell's Complaint alleges the Defendants violated his Eighth and Fourteenth Amendment rights.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is

plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## **DISCUSSION**

In their Motion, Defendants suggest that Campbell is seeking a preliminary injunction in this matter along with a declaratory judgment, and release from the FCCC. Defendants argue that Campbell has not met the requirements for neither an injunction nor declaratory judgment. Defendants also note that even if all of the Defendants violated Campbell's civil rights he could not be released from the FCCC on the grounds presented in his Complaint.

Campbell in his Response and subsequent motion for leave to amend acknowledges that he must amend his Complaint to comply with any constitutional claims against all of the Defendants. Campbell states that he agrees that his claims for injunctive relief, declaratory judgment, and release from the FCCC should be stricken with prejudice, as he set forth no facts that would justify such claims. (Doc. #29, at ¶ 2). Since Campbell acknowledges that his Complaint lacks merit, the Court will grant Defendants' Motion to Strike construed as a Motion to Dismiss, and allow Campbell leave to amend.

Accordingly, it is now

**ORDERED:**

1) Defendants, Ms. Wilson and Sandra Williams Motion to Strike Claims in the relief Section of the Complaint construed as a Motion to Dismiss (Doc. #20) is **GRANTED**.

2) The Plaintiff's Complaint is hereby **DISMISSED**.

3) Campbell has up to and including **September 8, 2017**, to file an Amended Complaint.

4) Failure to comply with this Order will result in Campbell's Complaint being dismissed with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of August, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Randolph Campbell, III
All Parties of Record
SA: FtMP-2